## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **LINDA PINTRO**<br>8302 White Star Court<br>Springfield, VA 22153<br><br>*Plaintiff*,<br><br>v.<br><br>**JULIUS GENACHOWSKI, Chairman,**<br>**FEDERAL COMMUNICATIONS**<br>**COMMISSION**<br>445 12th Street SW<br>Washington, DC 20536<br><br>*Defendant.* | )<br>)<br>)<br>)   Case No.: 13-CV-231<br>)<br>)<br>)<br>)<br>)   Jury Trial Demand<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff Linda Pintro, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against Defendant Julius Genachowski, in his capacity of Chairman of the Federal Communications Commission.

### Jurisdiction and Venue

1.  This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 42 U.S. C. § 2000e *et seq.,* and 29 U.S.C. § 633a.

2.  Plaintiff has exhausted all administrative remedies prior to filing suit.

3.  Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district and Defendant may be found in this judicial district.

## Parties

4. Plaintiff Linda Pintro (hereinafter "Plaintiff" or "Pintro") is an African American female of Haitian national origin.

5. Defendant hereafter ("Defendant," "FCC," or the "Agency") is an administrative agency of the United States government, and an "employer" within the meaning of the statutes under which Plaintiff brings her claims.

## Factual Allegations

6. Plaintiff is an African (Haitian) American female attorney who is employed at the FCC's International Bureau as a Senior Legal Advisor in the Strategic Analysis and Negotiations Division (SAND). At the times relevant to this Complaint, Plaintiff was known as Linda Armstrong.

7. Beginning in 2003, Plaintiff's supervisor was Kathryn O'Brien, Caucasian female, and Chief of SAND.

8. Plaintiff began employment with the FCC in the Office of General Counsel (OGC), Administrative Law Division, and served as a Senior Attorney from 1996 through 1998. She transferred to the Common Carrier Bureau in 1998, where she worked as an Assistant Division Chief from 1998 until May 1999. In this position, she provided day to day supervision of legal and technical staff, including review and edit of staffing work. In 1999, Plaintiff transferred to the FCC's International Bureau, Strategic Analysis & Negotiations Division (SAND). From 2003 through 2009, Plaintiff was supervised by Kathryn O'Brien (Caucasian female). Prior to O'Brien becoming Plaintiff's supervisor, Plaintiff served as the SAND principal legal advisor to the Division, Deputy Bureau and Bureau Chiefs and was regarded as part of the management team.

9.      Beginning in 2003 and continuing through 2008, the Agency, through O'Brien, provided preferential work assignments with management designations within SAND to ten Caucasian attorneys, non-competitively, and deliberately excluded Plaintiff from these assignments and other opportunities for career advancement.

10.     O'Brien promoted Mr. Alexander Royblat, Caucasian male, to the position of Assistant Chief, SAND, effective August 24, 2003.

11.     O'Brien promoted Pam Gerr, Caucasian female, to the position of Special Counsel, effective August 24, 2003.

12.     O'Brien promoted Julie Barrie, Caucasian female, to the position of Assistant Chief, SAND. Barrie was later promoted a second time to the position of Deputy Chief, SAND, effective October 2003.

13.     O'Brien promoted Jennifer Gilsenan, Caucasian female, to the position of Deputy Chief, SAND, effective July 16, 2004.

14.     O'Brien promoted Dante Ibarra, Hispanic male, to the position of Supervisory Electronics Engineer, SAND, effective July 22, 2007.

15.     O'Brien promoted Carrie Lee Early, Caucasian female, to the position of Chief, Multilateral Negotiations & Industry Analysis Branch, SAND, effective February 3, 2008.

16.     O'Brien promoted Chris Murphy, Caucasian male, to the position of Branch Chief, SAND, effective November 2, 2003.

17.     In February 2006, O'Brien hired Robert Tanner, Caucasian male, as a staff attorney. O'Brien promoted Tanner to the position of Acting Deputy Division Chief in March 2008.

18. Plaintiff was very interested in and clearly better qualified than Julie Barrie, Jennifer Gilsenan, and Robert Tanner for the promotions identified in Paragraphs 12, 13, and 17 above, but was overlooked for these opportunities in favor of less qualified Caucasian employees.

19. In April 2007, O'Brien detailed Plaintiff to the FCC's Enforcement Bureau to review "do-not-call complaints." This was essentially a clerical task that did not utilize Plaintiff's skills and experience as an attorney and negatively impacted her career growth. O'Brien refused Plaintiff's request to be removed from the detail.

20. In late 2007 or early 2008, Deputy Division Chief, Linda Dubroof, Caucasian female, was granted a requested reassignment.

21. In October 2007, Plaintiff received from O'Brien an annual performance evaluation for 2006. O'Brien rated Plaintiff "fully successful" in three out of the four elements and "fully successful" overall. This rating precluded Plaintiff from receiving a "time-off award" and negatively impacted her career advancement. The evaluation also failed to consider Plaintiff's accomplishments during the relevant time period, and instead was based on arbitrary and irrelevant criteria that O'Brien, when later pressed by Plaintiff, could not justify.

22. Plaintiff filed a complaint of discrimination in April 2008 alleging the Agency discriminated against her based on her race in denying her promotional opportunities on three separate occasions. Plaintiff's complaint further described gross mismanagement, racial discrimination, illegal pre-selection, the use of assignments as rewards and tools of punishment, grooming of Caucasian candidates for promotion through choice details and

assignments, preferred assignments taken from African Americans, and retaliatory tactics toward Plaintiff through details to positions to perform duties well below her pay grade.

23.     After Plaintiff filed her complaint of discrimination, O'Brien continued to retaliate against Plaintiff by removing her job duties, relegating her to the least favorable job assignments, and giving her few if any awards.

24.     Additionally, after filing her complaint of discrimination, O'Brien refused to provide Plaintiff with performance evaluations. Finally, in March 2010, Plaintiff received a performance evaluation. The performance evaluation noted that the four critical elements of Plaintiff's performance plan were not applicable, and downgraded her rating in all elements from her previous rating.

25.     Plaintiff timely filed a complaint of discrimination with the FCC alleging that she was discriminated against on the basis of race and national origin when she was denied opportunities for promotions and was precluded from assignments of work projects that would have enabled her to qualify for such promotions, when the Agency refused to promote her to the Acting Deputy Division Chief position, when she was issued negative or no performance evaluations, and when she was given few if any awards. Over one hundred eighty (180) days have passed since the filing of this complaint, and the FCC has not issued a Final Decision on the complaint.

### Count I
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq.*
### (Discrimination based on race and national origin)

26.     Plaintiff incorporates by reference paragraphs 1 through 25 as if fully stated herein.

27. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

28. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

29. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

30. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally subjected Plaintiff to discrimination based on her race and national origin, when she was denied opportunities for promotions and was precluded from assignments of work projects that would have enabled her to qualify for such promotions, when the Agency refused to promote her to the Acting Deputy Division Chief position, and when she was issued negative or no performance evaluations with few if any awards.

31. As a result of such acts, Plaintiff has suffered damages.

### Count II
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq.*
### (Retaliation)

32. Plaintiff incorporates by reference paragraphs 1 through 31 as if fully stated herein.

33. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because the employee has complained of discrimination.

34. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

35. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

36. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally retaliated against Plaintiff for her February 2008 complaint of discrimination when she was denied opportunities for promotions and was precluded from assignments of work projects that would have enabled her to qualify for such promotions, when the Agency refused to promote her to the Acting Deputy Division Chief position, and when she was issued negative or no performance evaluations with few if any awards.

39. As a result of such acts, Plaintiff has suffered damages.

## Prayer for Relief

Wherefore, Plaintiff prays as follows:

    A.    Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

    B.    Award Plaintiff damages, including back pay and front pay and all lost benefits, and compensatory damages for emotional distress and hardship created by the Defendant's discrimination;

C.  Award payment of all fees, costs, expenses, including attorneys' fees and expert fees;

D.  Award Plaintiff such other relief as to which she may be deemed entitled.

### Jury Trial Demand

Plaintiff demands a jury trial on all counts so triable.

Respectfully submitted,

David A. Branch #438764
Law Office of David A. Branch & Associates, PLLC
1901 Pennsylvania Ave. NW, Suite 802
Washington, DC 20006
(202) 785-2805 phone
(202) 785-0289 fax
dablaw@erols.com