UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

LINDA PINTRO,

    *Plaintiff,*

  v.

JESSICA ROSENWORCEL, Chairwoman
of the Federal Communications Commission,

    *Defendant.*

---

Civil Action No. 13-0231 (RBW)

---

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Linda Pintro ("Plaintiff"), and Defendant, Jessica Rosenworcel, in her official capacity as Chairwoman of the Federal Communications Commission ("Defendant" or the "Agency"), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms. Plaintiff and Defendant are hereafter referred to collectively as the "parties" and separately as a "party."

1.  Settlement Payment. Defendant shall pay Plaintiff the total sum of One Hundred Fifty Thousand Dollars ($150,000.00). This payment shall be made by an electronic transfer of funds in accordance with instructions provided to Defendant's counsel by Plaintiff's current counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 4 hereof. This payment is subject to the Treasury Offset Program. Plaintiff and Plaintiff's counsel shall cooperate with Defendant to ensure that all documentation required to process this payment is complete and

accurate. This settlement payment includes $45,000 in full and final satisfaction of Plaintiff's claims for attorney's fees, costs and other litigation expenses in this case, and Defendant shall have no further liability for those fees, costs or expenses. Plaintiff and Plaintiff's current and prior counsel shall be responsible for the distribution of the payment among themselves.

2.      OWBPA Compliance. Plaintiff shall have twenty-one (21) days, commencing on June 3, 2022, to consider the terms of this Stipulation. If Plaintiff chooses to sign this Stipulation before this 21-day consideration period has elapsed, Plaintiff acknowledges that her decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to Defendant or Defendant's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period. Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution hereof. Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By her signature below, Plaintiff's counsel represents that: (i) she has served as Plaintiff's attorney with respect to this matter; (ii) she has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) she believes that the requirements set forth in 29 U.S.C. §§ 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement.

3.      Dismissal of Claims. Defendant's counsel may file the fully executed Stipulation with the Court at any time after the Stipulation is signed by Plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Federal Rule of Civil

Procedure 41(a)(1)(A)(ii), except that the Court may retain jurisdiction to enforce the terms of this Stipulation.

4.    Release. This Stipulation provides for the global, full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, pecuniary damages, nonpecuniary damages, back pay, front pay, costs, attorney's fees, all other types of damages, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against Defendant or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein.  Plaintiff hereby fully and forever releases and discharges Defendant and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with the events described in the Complaint filed in the above-captioned civil action, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect.  In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and

3

claims; provided, however, that nothing in this Stipulation shall affect: (i) FCC Complaint Numbers FCC-EEO-20-01, FCC-EEO-20-06, and FCC-EEO-21-04[1]; (ii) any rights or claims that may arise after the date Plaintiff signs this Stipulation; or (iii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service. The provisions in this stipulation are consistent with and do not supersede, conflict with, or otherwise alter Complainant's obligations, rights, or liabilities created by existing statute or Executive Order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General or the Office of Special Counsel of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive Orders and statutory provisions are incorporated into this agreement and are controlling. 5 U.S.C. § 2302(b)(13).

     5.     No Assignment. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend Defendant and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

---

[1] Plaintiff agrees not to amend FCC-EEO-20-01, FCC-EEO-20-06, or FCC-EEO-21-04 to include any claims that involve or arise from the events described in the above-captioned civil action. The parties agree that nothing in this paragraph precludes Plaintiff from asserting prior EEO activity from April 2008 as the basis for a retaliation claim in the pending EEO complaints identified in this paragraph.

6.    No Admission of Liability. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of resolving disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

7.    Tax Consequences. Plaintiff acknowledges that she has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

8.    Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

9.    Amendments.  The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

10.    Construction.  The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

11.    Headings.  The paragraph headings in this Stipulation have been inserted for convenience of reference only and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

12.    Severability.  The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

13.    Further Assurances.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

14.    Right to Cure.  If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

15.     Notices.  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, as well as transmitted by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

| | |
|---|---|
| If to Plaintiff: | Linda Pintro<br>713 Orange Belt Loop<br>Winter Garden, FL 34787<br>lpintro@yahoo.com |
| with copy to: | Tamara Slater<br>Alan Lescht & Associates, P.C.<br>1825 K Street, NW, Suite 750<br>Washington, D.C. 20001<br>Tamara.slater@leschtlaw.com |
| If to Defendant: | Megan Davis<br>Trial Counsel<br>Office of General Counsel<br>Federal Communications Commission<br>45 L Street N.E.<br>Washington, D.C. 20554<br>megan.davis@fcc.gov |
| with copies to: | Diana V. Valdivia<br>Assistant United States Attorney<br>United States Attorney's Office<br>601 D Street, NW<br>Washington, D.C. 20530<br>diana.valdivia@usdoj.gov<br><br>Derek S. Hammond<br>Assistant United States Attorney<br>United States Attorney's Office<br>601 D Street, NW<br>Washington, D.C. 20530<br>derek.hammond@usdoj.gov |

16.     Execution.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and

7

the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually executed original.

17.     Governing Law. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

18.     Binding Effect. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 3 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

\*     \*     \*

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

_Linda M. Pintro_

Linda Pintro

*Plaintiff*

Date: _June 3, 2022_

Tamara Slater    Digitally signed by Tamara Slater
                 Date: 2022.06.03 16:09:44 -04'00'

Tamara Slater (#16163371)
Alan Lescht
Alan Lescht & Associates, P.C.
1825 K Street, NW, Suite 750
Washington, DC 20001
Phone: (202) 539.9308
Fax: (202) 463.6036
tamara.slater@leschtlaw.com

*Counsel for Plaintiff*

Date: _____

MATTHEW D. GRAVES
United States Attorney
D.C. Bar # 415793

BRIAN P. HUDAK
Chief, Civil Division

DIANA VALDIVIA    Digitally signed by DIANA
                  VALDIVIA
                  Date: 2022.06.03 13:14:54 -04'00'

By: _____
DIANA V. VALDIVIA
D.C. Bar # 1006628
DEREK S. HAMMOND
D.C. Bar # 1017784
Assistant United States Attorneys
601 D Street, NW
Washington, D.C. 20530
(202) 252-2545; (202) 252-2511
diana.valdivia@usdoj.gov
derek.hammond@usdoj.gov

*Counsel for Defendant*

Date:    June 3, 2022

SO ORDERED on this ____ day of _____, 2022

_____
UNITED STATES DISTRICT JUDGE

9